UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK BARLOW,

    Plaintiff,

vs.

RICOH USA, INC.

    Defendant.
_____/

## COMPLAINT

Plaintiff, MARK BARLOW, hereinafter referred to as "PLAINTIFF" by and through his undersigned attorneys, hereby sues the Defendant, RICOH USA, INC., hereafter referred to as "DEFENDANT" and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

### PARTIES

3. Plaintiff was a resident of Pasco County, Florida.

4. Defendant is a Foreign corporation, licensed and authorized to conduct business in the State of Florida and doing business within Hillsborough County.

1

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

6. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

7. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## FACTS

9. Plaintiff began his employment with Defendant on or about December 2005 in the position of Field Service Representative. On or about August 2007 Plaintiff was promoted to the position of Site Supervisor at the Ricoh site at ACE Insurance.

10. In October 2008 Plaintiff was offered a promotional transfer to both the Ricoh sites at Cigna and Franklin Templeton. Plaintiff chose the Cigna site.

11. Plaintiff suffers from a serious health condition.

12. On February 25, 2019 Plaintiff was informed that he was being transferred to the Ricoh BayCare site due to a customer request.

13. Plaintiff was told that he had until March 27, 2019 to secure a new position.

14. Plaintiff informed his manager that due to his serious health condition he was going to need to be absent due to a medical procedure.

15. During March 2019 Plaintiff missed a total of eight days due to treatment, recovery

and doctors' visits relating to his serious health condition.

16. Despite a number of open positions for which Plaintiff was qualified, including the very position that Plaintiff was working at the Ricoh BayCare site, Plaintiff was terminated on March 27, 2019.

17. Plaintiff requested additional time to find a position due to his FMLA qualified absences.

18. Plaintiff was directed to contact Debra Winters in Human Resources with his request. Plaintiff's request was denied. Ms. Winter's response was "we don't do that".

19. No extension of the arbitrary deadline was provided due to Plaintiff's FMLA qualified absences.

20. Plaintiff's efforts to secure other open positions were ignored. Moreover, employees without a serious health condition have not been required to "apply" for open positions.

21. Defendant failed to provide Plaintiff with his Notice of Rights and Responsibilities.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

22. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 21.

23. Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights.

24. Defendant's actions constitute violations of the FMLA.

25. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

    a. Back pay and benefits;

    b. Interest;

    c.    Liquidated damages;

    d.    Attorney's fees and costs;

    e.    Equitable relief;

    f.    Such other relief as is permitted by law.

## COUNT II
## FMLA DISCRIMINATION/RETALIATION

26. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 21.

27. Defendant retaliated against Plaintiff for asserting his FMLA rights.

28. Defendant's actions constitute violations of the FMLA.

29. As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

    a.    Back pay and benefits;

    b.    Interest;

    c.    Liquidated damages;

    d.    Attorneys' fees and costs;

    e.    Equitable relief;

    f.    Reinstatement;

    g.    Such other relief as is permitted by law.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief

as the Court may deem just and proper.

Dated this 21st day of May 2019.

                                                FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No. 907804
Primary: wolfgang@fgbolaw.com
Christopher D. Gray
Florida Bar No.: 0902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff